**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP.**
1 Harmon Meadow Blvd. Ste 201
Secaucus, New Jersey 07094
Tel.: 973-696-8391
David L. Stevens, Esq.
Email: dstevens@scura.com
*Counsel for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re:* | Case No. 25-17093-JKS |
| JONATHAN BOMBART, | Chapter 11 |
| Debtor. | Hearing Date: Oct. 21, 2025, 10am |
| | Judge: Hon. John K. Sherwood |

**CERTIFICATION OF DAVID L. STEVENS IN SUPPORT OF MOTION**
**FOR WITHDRAWAL OF COUNSEL**

David L. Stevens, being of full age, does hereby certify as follows:

1. I am an attorney with the firm of Scura, Wigfield, Heyer, Stevens & Cammarota, LLP (the "Firm"), counsel for Jonathan Bombart (the "Debtor") in the above captioned matter. I am familiar with the facts and circumstances involving the Firm's relationship with the Debtor.

2. I make this certification in support of the Firm's request for authorization to withdraw as counsel for the Debtor in this bankruptcy case.

3. On July 6, 2025, (the "Petition Date") the Debtor filed a voluntary bankruptcy petition under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey.

4. Prior to the 341(a) meeting, the Firm solicited the necessary documents to be submitted to the Trustee. The Debtor failed to provide required documents and information in full to the Firm in advance of the 341(a) meeting.

5. On August 13, 2025, a Section 341(a) meeting of creditors was held for the instant bankruptcy case, at which the Debtor answered questions.

6. On August 14, 2025 following the 341(a) meeting, the Bankruptcy Auditor, Daniel C Kropiewnicki, requested via email to my firm additional documents (the "Additional Documents") from the Debtor.

7. On August 20, 2025, after still not receiving the initial information requested from the Debtor pre-341, my firm sent an email to the Debtor requesting outstanding information and noting the submission deadline of August 28, 2025 set by the U.S. Trustee's office.

8. A follow-up to the August 22, 2025 email was sent on August 22, 2025, reiterating the list of necessary documents and information, and again sent on September 9, 2025.

9. The August 20, 2025 email and the two follow-ups each explained to the Debtor the possibility of the case being dismissed or converted to Chapter 7 due to missing documents, missing information, and failure to comply with requirements of a Debtor-in-Possession.

10. As of the date of this filing, the information requested has not been provided to my office.

11. On August 31, 2025 my firm sent by email a Case Analysis and Action Items Letter to the Debtor describing in detail the current status of the case and the decisions the Debtor needed to make in order to advance his case, especially with regards to his various complicated known assets, funding his reorganization, and making necessary investigations into his unknown assets.

12. To date, the Debtor has addressed none of the concerns raised in the August 31, 2025 letter.

13. On September 13, 2025, my firm sent notice by email to the Debtor informing him of his outstanding obligations as a Debtor-in-Possession, re-sent the August 20, 2025 email thread of documents and information due to the US Trustee's office, re-sent the August 31, 2025 Case Analysis and Action Items Letter, and, in a Notice of Intent to Withdraw as Bankruptcy Counsel,

notified the Debtor of my firm's intent to withdraw as his Bankruptcy Counsel on or around September 17, 2025, due to his failure to satisfy those obligations.

14. The September 13, 2025 Notice of Intent to Withdraw as Bankruptcy Counsel informed the Debtor that because we had not received critical information and documents from him, because he had not managed his affairs in a manner that enables us to move his case forward, and because he had failed to make required payment to his ex-wife, we intended to file the instant motion on or around September 17, 2025.

15. From September 2, 2025 through September 17, 2025, I and my associate Diana Woody, Esq., held several conversations with the Debtor by phone discussing the need to make payments to his ex-spouse pursuant to the existing marital Settlement Agreement and pursuant to the Bankruptcy Court Order Extending the Automatic Stay. These calls also included requests for the missing information and documents due to the US Trustee's office, and requested action taken in order to progress to next steps in the case.

16. After these discussions, the Debtor made the September payment to his ex-spouse on September 17, 2025.

17. The Debtor has informed us that he will not pay any further payments to his ex-spouse.

18. On September 18, 2025, the Debtor additionally transferred $25,000.00 to my firm to be held in trust which I informed the Debtor would be held pending application and approval of compensation earned but not yet applied for.

19. In an email on September 25, 2025, I advised the Debtor that we still intended to proceed with filing the instant Motion to Withdraw, as the majority of the impediments to representing him in his case are currently still in effect.

20. My firm has also continued to advise the Debtor during this notice period, including with regards to the coordination of payment to the Debtor's ex-spouse, receipt of a Rule 2004 subpoena from counsel to the Debtor's ex-spouse, addressing the US Trustee's concerns regarding the Debtor's investment account, and identifying to the Debtor the documents, information, and payments required of him as a Debtor-in-Possession.

21. Although the State of New Jersey Rules of Professional Conduct cannot by itself serve as a basis for the requested authorization, it does provide guidance as to when it is appropriate for an attorney to withdraw as counsel. *See In re Albert*, 277 B.R. 38, 46 (S.D. N.Y 2002).

R.P.C. 1.16(b) permits an attorney to withdraw as counsel if:

> **(1)** withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> **(2)** the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> **(3)** the client has used the lawyer's services to perpetrate a crime or fraud;
>
> **(4)** the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> **(5)** the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> **(6)** the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> **(7)** other good cause for withdrawal exists.

22. The firm requests to withdraw as counsel due to the Debtor's failure to furnish required documents and information.

23. A debtor's failure to furnish required documents can be considered good cause for an attorney to withdraw from representation in a bankruptcy case in New Jersey. According to N.J.

R. Prof. Conduct 1. 16(b)(5), an attorney may seek to withdraw if a client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. <u>In re Simon, 206 N.J. 306, Pellettieri, Rabstein & Altman v. Protopapas</u>, 383 N.J. Super. 142, <u>N.J. Court Rules, RPC 1.16</u>, Declining or terminating representation. This includes situations where the client fails to provide necessary documents, which can render the representation unreasonably difficult for the attorney. <u>Garrett (formerly Matisa) v. Matisa</u>, 394 N.J. Super. 468, <u>N.J. Court Rules, RPC 1.16</u>, Declining or terminating representation.

24. The lack of required documents, the failure to provide necessary information, failure to address the issues and decisions that need to be made in order to represent the Debtor in advancing his case, and failure to take actions that appropriately fund the Debtor's bankruptcy case have made representation of the Debtor in his personal bankruptcy unreasonably difficult.

25. Additionally, R.P.C. 1.16(b)(1) permits an attorney to withdraw as counsel if withdrawal can be accomplished without material adverse effect on the interests of the client.

26. Bankruptcy counsel to the Debtor will continue to represent his interests until such time as the Bankruptcy Court approves this Motion to Withdraw. Notice was previously provided to the Debtor on September 13, 2025, of bankruptcy counsel's intent to withdraw, reiterated in additional email communications, and given again in my September 25, 2025 email to the Debtor. The Debtor has had and will have the notice period and the motion hearing time period to seek new counsel to represent his interests. Bankruptcy counsel respectfully submits that withdrawal will thus not materially adversely affect the Debtor's interests.

27. Therefore, I respectfully request that given the circumstances outlined above, good cause exists for this firm's withdrawal.

I hereby certify that the foregoing statements made by me are true and I am aware that if any of them are willfully false that I am subject to punishment.

Date: September 26, 2025

/s/ _David L. Stevens_
David L. Stevens