| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GUTFLEISH LAW, LLC**<br>One University Plaza, Suite 208<br>Hackensack NJ 07601<br>(201) 241-2032<br>Harry M. Gutfleish, Esq.<br>harry@gutfleishlaw.com<br>*Attorneys for Sonia Bombart* | |
| In Re:<br><br>JONATHAN BOMBART,<br><br>            Debtor. | Chapter 11<br>Case No. 25-17093 (JKS) |

**CERTIFICATION OF HARRY M. GUTFLEISH IN SUPPORT
OF MOTION TO DISMISS THIS BANKRUPTCY CASE**

I, Harry M. Gutfleish, certify under penalty of perjury that:

1.   I am the sole member of Gutfleish Law, LLC, attorneys for Sonia Bombart, the debtor's ex-wife, in this bankruptcy case.

2.   I am personally familiar with the facts set forth and submit this certification in support of Sonia Bombart's motion to dismiss this bankruptcy case.

3.    On August 6, 2025, this Court entered a Final Order Extending The Automatic Stay As To All Creditors [docket number 39] in which this Court, with the debtor's consent, mandated that "the Debtor shall make the $20,000.00 monthly payments designated as alimony under the parties' February 3, 2023 Separation Agreement…."

4.   While the debtor made the alimony payment for August, 2025, and paid September alimony 18 days late, he failed to make the alimony payment due on October 1, 2025.

5. On September 2, 2005, I emailed Diana Woody Esq., one of the debtor's attorneys, seeking confirmation that the debtor made the September alimony payment.

6. In an exchange of emails with Ms. Woody on September 3, 2025, Ms. Woody advised that the debtor had "not indicated one way or another" whether he would make the required alimony payment.

7. On September 8, 2025, Ms. Woody emailed me to advise that the debtor confirmed to her that he would make the September alimony payment.

8. On September 10, 2025, I emailed Ms. Woody to advise that Sonia Bombart had not received the alimony payment.

9. Later on in the day of September 10, 2025, Ms. Woody emailed me to advise that she was told that the alimony payment has been initiated.

10. Finally, on September 12, 2025, Ms. Woody emailed me to advise that she had not received confirmation from the debtor that he made the alimony payment.

11. I was out of the office from September 5, 2025 until September 15, 2025.

12. On September 12, 2025, I emailed Ms. Woddy that Sonia Bombart would file a motion to dismiss this case when I returned to the office.

13. While the debtor made the September alimony payment on September 18, 2025, he has not made the alimony payment due on October 1, 2025.

14. Based on my review of the docket in this case, the debtor has not filed a single monthly operating report.

15. Also, during the meeting of creditors held on August 13, 2025, I asked the debtor whether he received a loan of $1 million to support the mortgage on 38 Woodens Lane, Lambertville, New Jersey, in that amount, as set forth in his schedules. In reply that debtor stated

under oath that he received the funds and that the funds were deposited into one of his bank accounts. I then requested that the debtor provide all documents to evidence the loan and the receipt of funds.

16. I then sent two subsequent emails to Ms. Woody for the documents requested.

17. To date, the debtor has failed to provide the documents requested.

18. On September 23, 2025, I serve a Bankruptcy Rule 2004 Examination Subpoena on the debtor (through his attorneys who agreed to accept service thereof) requiring documents to be produced by October 8, 2025. A copy of the subpoena s attached as Exhibit A.

19. As of the filing of this certification, the debtor has not produced any documents requested in the subpoena, has not requested an extension of the time to respond, and has not opened any dialogue with respect thereto. Further, based on the motion discussed below, one can only conclude that the debtor had and has no intention of complying with the subpoena.

20. On September 26, 2025, the debtor's attorneys filed a motion to withdraw as the debtor's attorneys [docket number 59]. The certification filed in support is quite illuminating and further evidences the debtor's bad faith. Among other facts, counsel explains that:

    A. The debtor has not provided documents requested by the Office of the United States Trustee after the meeting of creditors held almost 2 months ago.

    B. The debtor has not cooperated with his bankruptcy attorneys.

    C. The debtor has not satisfied the obligations imposed on chapter 11 debtors in possession.

    D. The debtor has no intention of paying alimony required under the Bankruptcy Code and this Court's Order.

21. On July 8, 20925, the debtor filed a motion to extend the automatic stay that would have been vacated in light of the dismissal of his 2024 bad faith bankruptcy filing [docket number 7]. In support, the debtor represented under penalty of perjury that (a) "[s]ince the dismissal of my prior case, I have obtained sophisticated bankruptcy counsel, who has guided me in preparing and filing this instant petition, including a list of all known creditors" [¶9], and "I submit that my current filing represents a significant and good faith departure from the circumstances of my prior case" [¶11].

22. The debtor has utterly failed to live up to his promises and representations to this Court.

23. The foregoing facts are consistent with, and corroborate, the debtor's bad faith filing and his repeated abuse of the bankruptcy process in 3 jurisdictions, as detailed in Sonia Bombart's cross-motion filed at docket number 16 and the certification of Claire DeVidas, Esq., filed in support thereof.

24. The foregoing statements are true to the best of my knowledge, information and belief. I understand that if any such statement is willfully false, that I am subject to punishment.

                                                */s/ Harry M. Gutfleish*
                                                Harry M. Gutfleish

Dated: October 8, 2025