| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GUTFLEISH LAW, LLC**<br>One University Plaza, Suite 208<br>Hackensack NJ 07601<br>(201) 241-2032<br>Harry M. Gutfleish, Esq.<br>harry@gutfleishlaw.com<br>*Attorneys for Sonia Bombart* | |
| In Re:<br><br>JONATHAN BOMBART,<br><br>               Debtor. | Chapter 11<br>Case No. 25-17093 (JKS) |

### MEMORANDUM OF LAW IN IN SUPPORT OF MOTION TO DISMISS THIS BANKRUPTCY CASE, TO ENJOIN FUTURE FILINGS, AND FOR RELATED RELIEF

Sonia Bombart, through her attorneys, submits this memorandum of law in in support of her motion to dismiss this bankruptcy case, to enjoin future filings and for related relief.

**A.**     **Preliminary Statement**

On August 6, 2025, this Court entered a Final Order Extending The Automatic Stay As To All Creditors [docket number 39] (the "Order") in which this Court, with the debtor's consent, mandated that "the Debtor shall make the $20,000.00 monthly payments designated as alimony under the parties' February 3, 2023 Separation Agreement, Agreement, which are due on the first day of each month…."

While the debtor made the alimony payment for August, 2025, and paid September alimony 18 days late, he failed to make the alimony payment due on October 1, 2025.

The debtor's failure to pay alimony constitutes cause to dismiss this case.

The debtor also has not filed a monthly operating report since this case was filed on July 6, 2025.

Further, the debtor and Sonia Bombart have been embroiled in divorce proceedings in Connecticut since January 2017. Throughout those proceedings, and as discussed more fully below, the debtor consistently frustrated the divorce proceedings through various means, including non-compliance with discovery requests, non-compliance with Court orders, numerous continuation requests, and at times simply not appearing for scheduled Court dates.

As part of the debtor's wrongful litigation tactics, the debtor filed three bankruptcy cases, in 2022, in 2024 and this case on July 6, 2025, in three different jurisdictions, the day prior to the divorce trial, and two hearing dates on a motion to hold the debtor in contempt in the Connecticut proceedings.

On The debtor's prior two cases were dismissed, and this case should be dismissed as well.

**B.    Factual Background**

The facts set forth are derived from the certifications of Sonia Bombart (the "Bombart Cert.") and Harry M. Gutfleish (the "Gutfleish Cert.") filed herewith, as well as the certification of Claire DeVidas, Esq. (the "DeVidas Cert."), and the exhibits attached thereto, filed at docket number 16-1, all of which are incorporated herein.

While the debtor consented to the entry of the Order, he has willfully failed to comply with his obligations to pay the $20,000 alimony payment due on October 1, 2025 and is therefore in contempt. [Bombart Cert. at ¶1]; Gutfleish Cert. at ¶¶ 4, 13].

Even worse, from September 2, 2025 through September 12, 2025, the debtor's attorneys repeatedly advised that either the debtor intended to make the payment, or that he actually initiated the payment. [Gutfleish Cert. at ¶¶ 5-12]. Apparently, the debtor misled his attorneys.

2

While the debtor finally paid the September alimony 18 days late, he has not made the alimony payment due on October 1, 2025 and has advised his attorneys that he has no intention to make any further alimony payments [Gutfleish Cert. at ¶ 20].

The debtor also has not filed a single monthly operating report since this case was filed on July 6, 2025.

On September 23, 2025, Sonia Bomabart's attorneys served a Bankruptcy Rule 2004 Examination Subpoena on the debtor (through his attorneys who agreed to accept service thereof) requiring documents to be produced by October 8, 2025.  [Gutfleish Cert. at ¶18, Exhibit A].

As of the filing of this motion, the debtor has not produced any documents requested in the subpoena, has not requested an extension of the time to respond, and has not opened any dialogue with respect thereto.  [Gutfleish Cert. at ¶ 19].  Further, based on the motion discussed below, one can only conclude that the debtor had and has no intention of complying with the subpoena.

Sonia Bombart and the debtor have been involved in divorce proceedings pending in Connecticut since January 19, 2017 [DeVidas Cert. at ¶3].  The debtor's bad faith throughout the divorce proceedings led the Connecticut Court to explain that:

> The present motion for continuance, although dated 6/9/2022, was e-filed at 9:23 p.m. on 6/13/2022, less than twelve hours before the hearing scheduled for 10:00 a.m. today. The motion simply states "counsel is ill" and asks that today's hearing be continued to 6/21/2022, or a date set by the court. The plaintiff appeared at today's hearing, with counsel, and objected to the granting of the motion. Neither the defendant nor his counsel appeared, notwithstanding the fact that the motion had not been ruled on prior to the scheduled hearing start time.
>
> The timing of the motion, when considered in the context of the history of the present action, raises concerns that it may be part of an ongoing pattern of behavior by the defendant that is intended to delay the progress of this action or that reflects a disregard for the court's orders and authority. [DeVidas Cert. at ¶7, Exhibit C]

Apparently realizing that the Connecticut Court was losing patience with him, the debtor then began a crusade to use improper and bad faith bankruptcy filings to frustrate Sonia Bombart and the Connecticut Court.

On the night before the July 28, 2022 trial in the divorce proceedings, the debtor filed his first bankruptcy case in the United States Bankruptcy Court for the Southern District of New York. [DeVidas Cert. at ¶5]. Sonia Bombart obtained an Order granting stay relief to continue the divorce proceedings and the Court dismissed the bankruptcy case on October 19, 2022. [DeVidas Cert. at ¶¶8-9, Exhibits D and E].

Since the Bombart's divorce on February 3, 2023, the debtor failed to satisfy his obligations under the Bombart's Property Settlement Agreement forcing Sonia Bombart to file a motion for contempt. [DeVidas Cert. at ¶12, Exhibit H].

One the day before the initial hearing scheduled for August 23, 2024, the debtor filed his second bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York, but did not provide notice thereof to Sonia Bombart. [DeVidas Cert. at ¶13, Exhibit I]. The debtor did not file the schedules required and Court dismissed that bankruptcy case on October 20, 2024. [DeVidas Cert. at ¶15]. The debtor also perjured himself in his bankruptcy petition by stating that he resided in Brooklyn, when in fact he resided at 38 Woodens Avenue, Lambertville, New Jersey at that time.[1]

As the debtor concedes in paragraph 6 of his certification [docket number 7-2], "[t]he October 2024 dismissal was based on my failure to appear at the § 341 meeting of creditors, failure

---

[1] As evidenced by the deed filed by the debtor at docket number 18-4, he purchased the Woodens Lane property in July 2023. During the debtor's meeting of creditors held on August 13, 2025, the debtor testified that resided at the Woodens Lane property, and did not reside in Brooklyn, on the date that he filed his 2024 bankruptcy case.

4

to make pre-confirmation payments, failure to propose a Chapter 13 plan, and failure to submit necessary documentation required under 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007."

On the eve of the July 7, 2025 rescheduled date for the hearing on the motion for contempt, the debtor filed this third bankruptcy case, and chose yet a third jurisdiction, to frustrate Sonia Bombart and the Connecticut Court. [DeVidas Cert. at ¶16]. The debtor's current filing is a blatant attempt to avoid the consequences of his wrongful actions, including being held in contempt.

The debtor's prior two cases were dismissed because the debtor did not satisfy his obligations under the Bankruptcy Code.

On September 26, 2025, the debtor's attorneys filed a motion to withdraw as the debtor's attorneys [docket number 59]. The certification filed in support is quite illuminating and further evidences the debtor's bad faith. Among other facts, counsel explains that (a) the debtor has not provided documents requested by the Office of the United States Trustee after the meeting of creditors held almost 2 months ago, (b) the debtor has not cooperated with his bankruptcy attorneys, (c) the debtor has not satisfied the obligations imposed on chapter 11 debtors in possession, and (d) the debtor has no intention of paying alimony required under the Bankruptcy Code and this Court's Order.

As of the commencement of this case, and as evidenced by proof of claim number 4 filed in this case, the debtor owed to Sonia Bombart $517.000.00 for accrued but unpaid alimony plus an additional $2,750,000.00 for accrued and unpaid property settlement payments. Neither of these debts can be discharged.

**C.     Cause Exists To Dismiss This Case
        <u>Sections 1112(b)(1) and (b)(4)(P) of the Bankruptcy Code[2]</u>**

Under section 1112(b) of the Bankruptcy Code, "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…."

Section 112(b)(4)(P) explicitly mandates that the "failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition" constitutes "cause".

As set forth in section 101(14A) of the Bankruptcy Code

The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—

(A) owed to or recoverable by—

(i) a spouse, former spouse…

(B) in the nature of alimony, maintenance, or support … of such spouse, former spouse…;

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—

(i) a separation agreement, divorce decree, or property settlement agreement;

(ii) an order of a court of record….

In accordance with Section 2.1 of the Bombart's Separation Agreement, attached to the DeVidas Cert. at Exhibit F:

the Husband shall pay alimony to the Wife as follows:

---

[2] 11 U.S.C. §§ 101 *et seq.*

6

      i.    thirty thousand ($30,000.00) per month on the first of each month, prorated for any partial months until the Wife receives the "third settlement payment" in the amount of one million two hundred thousand ($1,200,000.00) dollars referenced in Article 4 herein.

      ii.    Thereafter, the Husband shall pay alimony to the Wife in the amount of twenty thousand ($20,000.00) dollars per month on the first of each month, prorated for any partial months until the Wife receives the "fourth settlement payment" in the amount of one million two hundred thousand ($1,200,000.00) dollars referenced in Article 4 herein.

      iii.    Thereafter the Husband shall pay alimony to the Wife in the amount of fifteen thousand ($15,000.00) dollars per month until the Wife receives the "fifth settlement payment" in the amount of one million one hundred seventy-five thousand ($1,500,000.00) dollars referenced in Article 4 herein.

During the hearing held before this Court on July 29, 2025, the parties agreed that the debtor had defaulted on his property settlement agreement, that the current monthly alimony is $20,000.00, and that the debtor's alimony arears on the petition date were $517,000.00.

The debtor's willful contempt of the Order and his alimony obligations constitute cause to dismiss this case.

**D.    The Debtor's Bad Faith Also <u>Warrants Dismissal This Case</u>**

As Judge Winfield explained, "[a] Chapter 11 petition is subject to dismissal unless it is filed in good faith." *In re FSJ Imps., LLC*, 2012 Bankr. LEXIS 3381, at *16-17 (Bankr. D.N.J. July 23, 2012) (*citing In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999)). As under Section 362(c), the debtor has the burden of establishing good faith. *Id*.

Judge Winfield then identified the two inquiries that "are integral to the determination of whether a petition is filed in good faith: (1) whether the petition serves a valid bankruptcy purpose, e.g., by preserving a going concern or maximizing the value of the debtor's estate, and (2) whether the petition is filed to obtain a tactical litigation advantage." *Id.* at *17 (*citing In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 119-120 (3d Cir. 2004)).

7

The debtor's bad faith is evidenced by:

1. The debtor's 2022 bankruptcy filing in the Southern District of New York on the eve of the Bombarts' divorce trial in which Sonia Bombart obtained relief from the automatic stay to continue the divorce proceedings, and which case was ultimately dismissed because the debtor did not satisfy his obligations imposed on debtors under the Bankruptcy Code.

2. The debtor's 2024 bankruptcy filing in the Eastern District of New York on the eve of and the initial hearing scheduled on Sonia Bombart's contempt motion in the Connecticut Court, which was dismiss in the words of the debtor because of his "failure to appear at the § 341 meeting of creditors, failure to make pre-confirmation payments, failure to propose a Chapter 13 plan, and failure to submit necessary documentation required under 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007."

3. The debtor's perjury in his 2024 bankruptcy petition.

4. The debtor's bankruptcy filing of this case in yet a third jurisdiction on the eve of the July 7, 2025 contempt hearing in the Connecticut Court.

5. The debtor's contempt of the Order.

6. The debtor's failure to file interim monthly reports.

7. The debtor's failure to provide documents supporting the alleged mortgage on 38 Woodens Lane and his asserted receipt of the loan funds.

8. The debtor's failure to comply with a Bankruptcy Rule 2004 Examination Subpoena.

9. The debtor's failures outlined in his attorneys' motion to withdraw.

Further, on July 8, 20925, the debtor filed a motion to extend the automatic stay that would have been vacated in light of the dismissal of his 2024 bad faith bankruptcy filing [docket number

8

7]. In support, the debtor represented under penalty of perjury that (a) "[s]ince the dismissal of my prior case, I have obtained sophisticated bankruptcy counsel, who has guided me in preparing and filing this instant petition, including a list of all known creditors" [¶9], and "I submit that my current filing represents a significant and good faith departure from the circumstances of my prior case" [¶11]. The debtor has utterly failed to live up to his promises and representations to this Court.

Therefore, Sonia Bombart submits that additional cause exists to should dismiss this case.

**E.     The Court Must Enjoin The Debtor
        From Filing Future Bankruptcy Cases**

"Courts may dismiss a case with a future bankruptcy filing injunction if 'cause' exists." *In re Burns*, 2020 Bankr. LEXIS 2544, at *4 (Bankr. M.D. Fla. Feb. 20, 2020) (*citing In re Ross,* 858 F.3d 779, 785 (3rd Cir. 2017) (bankruptcy courts possess the general authority to issue a filing injunction against a debtor)). A debtor's bad faith constitutes cause for such an injunction. *Id.*

"[A]lthough a broad filing injunction is an 'extreme remedy' that 'should be narrowly tailored and sparingly used,' [*citing In re Ross*, 858 F.3d at 787], courts have imposed permanent filing injunctions when debtors have 'flagrantly abused the bankruptcy process.' *Id.* (citations omitted).

In light of the debtor's serial bankruptcy filings on the eve of hearings scheduled in the Bombart's divorce proceedings, his use of three jurisdictions to do so, and the fact the debtor's prior cases have been dismissed, Sonia Bombart submits that the Court can, and should, enjoin the debtor from filing future bankruptcy cases for a period of not less than 1 year.

In addition, this Court should enter an Order directing that the automatic stay will not apply to the Bombart's divorce proceedings in any subsequent bankruptcy case that the debtor may file.

9

Lastly, in the unlikely event that the debtor makes the October alimony payment before the hearing on this motion, Sonia Bombart requests that this Court direct the debtor to pay her the legal fees and costs incurred for being forced to seek this Court's intervention.

**F.      Conclusion**

For the reasons set forth herein, this Court should dismiss this bankruptcy case, enjoin the debtor from filing future bankruptcy cases, and grant to Sonia Bombart all other relief to which she is entitled.

                              **GUTFLEISH LAW, LLC**
                              *Attorneys for Sonia Bombart*

                            By: */s/ Harry M. Gutfleish*
                                Harry M. Gutfleish

Dated:  October 8, 2025