UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
In re:                                                                                    Chapter 11

JONATHAN BOMBART
AKA JOHN BOMBSON
AKA JON BOMBART                                                       Case No.: 25-17093-jks
                              Debtor.
-----------------------------------------------------------------X
FELICE BOMBART,
Individually, and as
Personal Representative of the Estate of Louis Bombart,

                             Plaintiff,
   -against-
                                                           Adv. Pro. No. 25-

JONATHAN BOMBART,

                             Defendant.
-----------------------------------------------------------------X

## COMPLAINT

Felice Bombart ("Felice"), Individually, and Felice Bombart as personal representative of the estate of Louis Bombart ("Estate", together with Felice, the "Plaintiffs"), by and through their attorneys, BFSNG, LLP, bring this adversary proceeding against Debtor Jonathan Bombart ("Jonathan" or "Defendant") pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).

## JURISDICTION AND VENUE

1.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(1) and 1334.

2.     This adversary proceeding relates to the case captioned herein now pending before this Court.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

1

4. The statutory predicate for the relief sought herein is section 523 of the Bankruptcy Code.

## THE PARTIES

5. Plaintiff, Felice Bombart, is an individual, with an address for service of process at Attn: Gary C. Fischoffs, Esq. BFSNG Law Group, LLP. 6851 Jericho Tpke Ste 250 Syosset, NY 11791-4455.

6. Plaintiff, Felice Bombart as personal representative of the Estate of Louis Bombart, with an address for service of process at Attn: Gary C. Fischoffs, Esq. BFSNG Law Group, LLP. 6851 Jericho Tpke Ste 250 Syosset, NY 11791-4455.

7. Defendant, Jonathan Bombart, is an individual with an address for service of process at a) Attn: Diana Woody, Esq., Scura, Wigfield, Heyer Stevens & Cammarota, LLP, 1 Harmon Meadow Blvd Ste 201 Secaucus, NJ 07094-3648, and b) 108 West 80th Street, Ground Floor Apt., New York 10024.

## FACTS

8. On July 6, 2025 ("Petition Date"), the Debtor, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

9. Louis Bombart died on May 17, 2016, leaving an estate valued in excess of $30 million. Following a mediated settlement approved by the Palm Beach County Probate Court on or about June 1, 2017, the Defendant, Jonathan Bombart, was appointed personal representative of the Estate.

10. As personal representative, Defendant exercised full control over the Estate's assets, including a commercial property located at 535 S.W. 148th Avenue, Sunrise, Florida,

2

valued at approximately $9.3 million, and several brokerage accounts, including a Jeffrey Matthews Financial Group account holding securities valued at more than $14 million, pledged to the Royal Bank of Canada.

11. Upon his appointment, Defendant embarked on a course of misconduct marked by self-dealing, concealment, and misappropriation of estate funds.

12. Between June 2017 and December 2020, Defendant caused payments totaling approximately $4,795,000 to be made from Estate accounts to Steven Sciaretta, P.A., his personal attorney, which payments were were unsupported by invoices or documentation.

13. During this same period, the City of Long Beach, New York, issued a settlement payment of $620,000 to the Estate. Defendant failed to deposit those funds into any Estate account and never reported their receipt.

14. These statements were knowingly false and made to mislead the beneficiaries and the probate court. Defendant made such misrepresentations to conceal his conversion of the settlement proceeds and to prevent discovery of his misconduct.

15. Throughout his administration, Defendant misused Estate accounts for personal purposes. He commingled funds, wrote checks to himself, and transferred assets to related parties without authorization or court approval. Defendant made unauthorized distributions exceeding $5 million, leaving the Estate insolvent.

16. When successor counsel reviewed the Estate's financials in late 2022, only $990,000 remained in liquid assets against more than $1 million in unpaid obligations. The Estate lacked funds to pay taxes, creditors, or professionals.

17. Defendant also neglected the Estate's principal real property in Sunrise, Florida. He failed to pay property taxes, maintain insurance, or cure municipal code violations. As a result, the property accumulated code violations, forcing the Estate to borrow emergency funds at 11–12% interest to stabilize and preserve the asset.

18. In response to these failures, the probate court entered an order removing Jonathan Bombart as personal representative on November 12, 2022. The Court found that Defendant had violated his fiduciary obligations, disobeyed court orders, and breached the settlement governing his appointment. The order also awarded attorney's fees to Felice Bombart and Allan Bombart, with the amount to be determined later.

19. On March 1, 2023, the Court entered an Order of Contempt against Defendant for failing to provide a complete accounting and for continuing to violate prior orders. The Court imposed sanctions and directed that attorney's fees be deducted from any distribution otherwise due to Defendant.

20. A forensic accounting revealed extensive misuse of Estate funds. Defendant made undocumented or unexplained disbursements totaling approximately $6 million, including $4.8 million to Sciaretta, $165,000 to other law firms such as Broad & Cassel and Nelson Mullins, and over $1.1 million classified as "estate expenses" and "CPA fees" without any supporting records.

21. These findings confirmed that Defendant's administration of the Estate was characterized by systematic self-dealing, concealment, and the diversion of assets for personal use. Defendant repeatedly misrepresented his compliance to the Probate Court, obstructed the court-ordered forensic audit, and used Estate resources to fund his personal legal defense.

22. Defendant's actions were intentional, calculated, and fraudulent. His pattern of deception and obstruction was undertaken to hinder, delay, and defraud the Estate and its beneficiaries.

23. As a result of Defendant's misconduct, the Estate has been rendered insolvent and its assets dissipated. Felice Bombart, as successor personal representative, has incurred substantial legal and professional expenses, borrowed funds to preserve the remaining assets, and continues to take steps to restore the Estate's solvency and recover the misappropriated property.

## AS AND FOR A FIRST CAUSE OF ACTION FOR RELIEF NON DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

24. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. Section 523(a)(2)(A) of the Bankruptcy Code provides that a debt for money, property, or services obtained by false pretenses, a false representation, or actual fraud shall be excepted from discharge.

26. Based upon the detailed allegations of fraud set forth herein, the Defendant acted with intent to defraud the Plaintiffs by manipulating official records and diverting funds that were due and owing the Plaintiffs, to his own control in order to fund his personal lavish lifestyle during his tenure as personal representative of the Estate of Louis Bombart.

27. As detailed herein, Defendant knowingly and intentionally misrepresented to the probate court, to the Estate's beneficiaries, and to Plaintiffs that he was properly administering the Estate and that all disbursements and payments were legitimate and necessary estate expenses.

5

28. Defendant made these representations to conceal the fact that he had diverted millions of dollars in Estate funds for his personal benefit, including payments totaling approximately $4.795 million to his attorney, Steven Sciaretta, P.A., and $620,000 in settlement proceeds from the City of Long Beach, New York, which were never deposited into any Estate account.

29. Defendant knew these representations were false when made and intended that the beneficiaries, the probate court, and the Plaintiffs rely upon them to allow him to continue in his position and maintain control over the Estate's assets.

30. Plaintiffs, the Estate, and other beneficiaries justifiably relied upon the Defendant's representations and omissions, and as a result, permitted him to continue managing and controlling the Estate's accounts and property.

31. Defendant's fraudulent conduct and misrepresentations directly and proximately caused the Estate to sustain losses.

32. The funds obtained and retained by Defendant through deception were acquired by false pretenses, false representations, and actual fraud.

33. By virtue of the foregoing, Defendant's debt to the Plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

### AS AND FOR A SECOND CAUSE OF ACTION FOR RELIEF NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(4)

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35. Section 523(a)(4) of the Bankruptcy Code provides that a debt for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" shall be excepted from discharge.

36. As Personal Representative of the Estate of Louis Bombart, Defendant was a fiduciary within the meaning of 11 U.S.C. § 523(a)(4) and under Florida law, owing duties of loyalty, honesty, full disclosure, and due care to the Estate and its beneficiaries.

37. Defendant breached his fiduciary duties by misappropriating Estate funds, failing to account for millions of dollars in assets, and diverting funds for his personal benefit and the benefit of third parties under his control.

38. Defendant engaged in defalcation and embezzlement by intentionally transferring Estate funds to his personal attorney, Steven Sciaretta, P.A., in amounts totaling approximately $4.795 million, without documentation or benefit to the Estate.

39. Defendant further engaged in larceny by converting $620,000 in settlement proceeds from the City of Long Beach, New York, which rightfully belonged to the Estate, and by concealing his misappropriation through false accountings and fabricated explanations.

40. Defendant's conduct constituted fraud, embezzlement, and defalcation while acting in a fiduciary capacity.

41. Defendant's acts were knowing, intentional, and undertaken with the purpose of enriching himself at the expense of the Estate and its beneficiaries.

42. By virtue of the foregoing, Defendant's debt to the Plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## AS AND FOR A THIRD CAUSE OF ACTION FOR RELIEF NONDISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(6)

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. Section 523(a)(6) of the Bankruptcy Code provides that a debt for "willful and malicious injury by the debtor to another entity or to the property of another entity" shall be excepted from discharge.

45. Defendant's conduct, as described above, was willful and malicious. Each act of diversion, concealment, and false reporting was intentional and performed with knowledge that it would cause harm to the Estate and its beneficiaries.

46. Defendant's willful and malicious acts include, but are not limited to: (a) diverting millions of dollars in Estate funds to his personal use; (b) concealing $620,000 in settlement proceeds; (c) falsifying accountings filed with the probate court; and (d) disobeying multiple court orders and obstrucsting the forensic audit directed to uncover his wrongdoing.

47. Defendant's repeated misuse of Estate assets, knowing that his actions would deplete the Estate and prejudice its beneficiaries, constitutes a deliberate and malicious injury to the Plaintiffs.

48. Defendant's wrongful acts were neither accidental nor negligent; they were deliberate and calculated to conceal his misconduct and retain control of misappropriated funds.

49. By virtue of the foregoing, Defendant's debt to the Plaintiffs is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter an Order denying the discharge of the debt owed to the Plaintiff by the Defendant pursuant to sections 523(a)(2)(A); 523(a)(4) and 523(a)(6) of the Bankruptcy Code.

Dated: Syosset, New York
October 14, 2025

> BFSNG LAW GROUP, LLP
>
> /s/ Gary C. Fischoff
> Gary C. Fischoff, Esq.
> 6851 Jericho Turnpike, Suite 250
> Syosset, New York 11791