| |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**SCURA, WIGFIELD, HEYER,**<br>**STEVENS & CAMMAROTA, LLP**<br>1599 Hamburg Turnpike<br>Wayne, New Jersey 07470<br>Telephone: 973-696-8391<br>Diana M. Woody, Esq.<br>Email: dwoody@scura.com<br>*Counsel for Debtor, Jonathan Bombart* | |
| In Re:<br><br>   Jonathan Bombart,<br>                              Debtor. | Case No. 25-17093-JKS<br><br>Chapter 11<br><br>Hearing Date: October 21, 2025, 10am<br><br>Hon. John K. Sherwood |

## DEBTOR'S RESPONSE TO SONIA BOMBART'S MOTION TO DISMISS

Jonathan Bombart (the "Debtor"), by and through his attorneys, Scura, Wigfield, Heyer, Stevens & Cammarota LLP, submits this response to Sonia Bombart's Motion to Dismiss the above-captioned chapter 11 case (Sonia Bombart, the "Creditor"), and respectfully represents as follows:

I.   *Debtor Consents to Dismissal.*

Debtor consents to dismissal of his individual Chapter 11 bankruptcy case.

Once a court determines that cause exists to dismiss a chapter 11 case, the court must also evaluate whether dismissal or conversion is in the best interests of the estate and creditors. *See Rollex Corp. v. Associated Materials, Inc. (In re Superior Sliding & Window, Inc.)*, 14 F.3d 240, 243 (4th Cir. 1994). "Once the threshold is passed and cause is found to exist, the decision whether

to convert to Chapter 7 or to dismiss is committed to the discretion of the bankruptcy court." *In re Mech. Maint., Inc.,* 128 B.R. 382, 386 (E.D. Pa. 1991) citing S. Rep. No. 989, 95th Cong., 2d Sess. 117, reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5903.

Debtor respectfully submits that where the Debtor and the moving creditor, Sonia Bombart, have expressed preference for dismissal, while not dispositive, the preferences support dismissal over conversion. *See In re Van Eck*, 425 B.R. 54, 67-68 (Bankr. D. Conn. 2010) (citing Collier on Bankruptcy in considering parties' preferences). Additionally, the administrative costs of an appointed trustee weigh against conversion.

II.     *Debtor Opposes an Injunction Against Filing Future Bankruptcy Cases.*

While bankruptcy courts possess the general authority to issue a filing injunction against a debtor, (*In re Ross*, 858 F.3d 779, 785 (3rd Cir. 2017)), and "even broad filing restrictions are common and often justified," (*Id.* 787), still, as noted by the Creditor, "a broad filing injunction is an extreme remedy that should be narrowly tailored and sparingly used." *Id.*, citing *In re Packer Ave. Assocs.,* 884 F.2d 745, 747 (3d Cir. 1989) (cleaned up).

   a. The Evidence of Bad Faith Proposed by Sonia Bombart is Insufficient to Warrant an Injunction.

Debtor has paid each of the August, September, and October $20,000.00 payments to Creditor. (See Certification of Counsel, paras. 3-5).

Creditor raises the Debtor's 2022 SDNY bankruptcy filing, filed three years ago, outside the presumption of bad faith 1-year period described in 362(c)(4)(D). Creditor notes her relief from stay in that bankruptcy, but that relief from stay was to obtain a final judgment in the divorce. The order modifying the stay is attached to the supporting certification of counsel as **Exhibit A.**

The parties became divorced on February 3, 2023. (Dkt. No. 16-1, para. 10). The bankruptcy case was dismissed for Debtor's failure to meet his obligations in October of 2022.

Creditor also raises the Debtor's 2024 EDNY bankruptcy filing, filed nearly two years after the 2022 case was dismissed, alleging the Debtor's filing purpose was to contravene Creditor's rights. However, the Debtor has previously certified as to the purpose of his 2024 filing: "I filed the pro se Chapter 13 case at 1:39 p.m. on August 22, 2024, in the Eastern District of New York, because it was my understanding that filing that case was the only way I could save my interests in Lefferts Ave LLC and East 21st LLC, before a 2:00 p.m. auction to sell my interests in the entities based on a security agreement." (para. 10, Dkt. No. 18-1).

Likewise, the Debtor has previously addressed the address discrepancy from his 2024 bankruptcy filing in his certification at Dkt. No. 24, describing the address as that of his property manager at the time.

Creditor additionally lists as evidence of bad faith the Debtor's failure to file monthly operating reports. The instant case was filed July 6, 2025 (Dkt. No. 1), on an emergent basis, after which the Debtor devoted the next twenty-three days to preparing the missing schedules, which were filed on July 29, 2025 (Dkt. No. 23). The July Monthly Operating Report was due August 21, 2025, and the August Monthly Operating Report was due September 21, 2025. As of the filing of the Motion to Dismiss, the Debtor is behind by two reports, although the Debtor and his professionals are making progress toward completing the monthly operating reports.

Creditor alleges failure to comply with the 2004 subpoena of the Creditor due to not providing documents related to the mortgage on Debtor's primary residence, 38 Woodens Lane, Lambertville, NJ, and evidence of the Debtor's receipt of the mortgage loan funds. However, the return date on the document production for the subpoena was scheduled for the same date the

Creditor filed her Motion to Dismiss, October 8, 2025, and the deposition date and time on the subpoena the Creditor subsequently double-booked with the instant hearing date. (Dkt. No. 64-1, pgs 1-2).

In a September 29, 2025 opinion by the Honorable Judge Stacey L. Meisel of this District, the court applied a two-year injunction on filing on a Chapter 13 debtor found to have filed in bad faith. *See In re: Youngjae Sun*, case no. 24-20581-SLM.[1] A true and accurate copy of this Opinion is attached to the supporting certification of counsel as **Exhibit B**. In this opinion, the court discusses cases in which property was transferred and concealed pre-petition and not disclosed in the case. (*Id.*, pgs. 29-30). The *Sun* case involved a debtor the court found uncredible, who enacted pre-petition transfers, made deficient disclosures, and gave evasive, confusing, and untruthful testimony, which the court lays out in detail. (*Id.,* pgs. 30-35). "Courts may also consider whether debtors misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed the [] petition or plan in an inequitable manner." (*Id.*, pg. 29).

Debtor submits that what remains of the evidence suggested by the Creditor does not rise to this level, and an injunction is inappropriate. Additionally, the administrative costs of an appointed trustee weigh against conversion.

III. <u>Debtor Opposes Legal Fees for Counsel to Moving Creditor.</u>

Under the "American Rule", each party must pay its own attorney's fees. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). Creditor pleads no fee-shifting statute to support her request for attorney's fees for this Motion to Dismiss. Further, her request for legal fees and costs incurred are on the basis of "being forced to seek this Court's intervention" regarding

---

[1] Counsel apologizes for the unconventional presentation of this recent opinion. On October 20, 2025, counsel was unable to access Lexis-Nexis and therefore obtained the relevant opinion directly from PACER.

the Debtor's October payment. (Dkt. No. 64-3, page 10). However, a motion to dismiss does not elicit the remedy of her payment – a motion to dismiss evacuates the dispute from the Bankruptcy Court entirely. Debtor accordingly respectfully requests that the Creditor's request for attorneys fees be denied.

    *IV.*    <u>Conclusion</u>

In accordance with the above, the Debtor requests dismissal of the individual Chapter 11 bankruptcy case, denial of an injunction, and denial of the Creditor's request for attorneys fees.