| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **GUTFLEISH LAW, LLC**<br>One University Plaza, Suite 208<br>Hackensack NJ 07601<br>(201) 241-2032<br>Harry M. Gutfleish, Esq.<br>harry@gutfleishlaw.com<br>*Attorneys for Sonia Bombart* | |
| In Re:<br><br>JONATHAN BOMBART,<br><br>                    Debtor. | Chapter 11<br>Case No. 25-17093 (JKS)<br><br>**Return Date: November 18, 2025<br>                    10:00 a.m.** |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEBTOR'S MOTION FOR RECONSIDERATION**

Sonia Bombart, through her attorneys, submits this memorandum of law in opposition to the debtor's motion for reconsideration of this Court's Order filed at docket number 72 (the "Order").

**A.**     **Preliminary Statement**

On October 8, 2025, Sonia Bombart filed a motion to dismiss this bankruptcy case and for an injunction barring the debtor's filing of future bankruptcy cases [docket number 64]. That motion was supported by a memorandum of law [docket 64-3] (the "Initial Memorandum"), the certification of Harry M. Gutfleish (the "Gutfleish Cert.") [docket number 64], the certification of Sonia Bombart [docket number 64-2], and incorporated the certification of Claire DeVidas, Esq. (the "DeVidas Cert.") and the exhibits attached thereto filed at docket number 16-1.

The motion was also supported by the debtor's own statements to this Court [docket numbers 7-2 and 21], as well as those of his counsel set forth in a certification filed at docket number 59-1.

In response, the debtor consented to dismissal without attempting to refute a single fact that Sonia Bombart put forth in support of the relief sought [docket number 69].

As explained in the Initial Memorandum, as supported by the referenced pleadings and documents, and as explained in detail below, the debtor consistently frustrated the Bombarts' divorce proceedings in Connecticut through various means, including non-compliance with discovery requests, non-compliance with Court orders, numerous continuation requests, and at times simply not appearing for scheduled Court dates.

As a continuation of the debtor's bad faith, and to further frustrate the divorce proceedings, the debtor resorted to filing a series of 3 bankruptcy cases, in 2022, in 2024 and this case on July 6, 2025, in three different jurisdictions.

All three bankruptcy cases were filed immediately prior to an important hearing in the divorce proceedings, the first on the day prior to the divorce trial, the second just prior to the initial hearing on a motion to hold the debtor in contempt, and this case just prior to the adjourned hearing to hold the debtor in contempt.

All three bankruptcy cases were dismissed because, among other reasons, the debtor failed to comply with his obligations as a debtor.

The hearing on Sonia Bombart's motion to dismiss and for a filing injunction was heard on October 21, 2025. At the conclusion thereof, this Court entered the Order dismissing this case and further ordering that "[t]he Debtor is permanently enjoined from filing future bankruptcy cases under Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*.; provided that the Debtor may

2

seek relief from the injunction imposed herein in this Court and on notice to Sonia Bombart and her counsel of record in this case at any time after 1 year from the entry of this Order."

The filing inunction is amply supported by the record presented and by applicable law, and is narrowly tailored to address the debtor's flagrant and repeated abuse of the bankruptcy process. In response, the debtor has failed to raise a legitimate, recognized, basis for reconsideration.

Of course, if the Court should choose to amplify the factors relied on to issue the filing injunction, Sonia Bombart does not object.

**B.    The Debtor's Procedural Arguments Must Be Rejected At This Stage And Are Not Supported By Applicable Law**

First, counsel did not raise any procedural issue or include arguments relating to the purported necessity for an adversary proceeding or relating to F.R.Civ.P. 65 in the debtor's opposition to Sonia Bombart's request for a filing injunction or when counsel consented to the form of Order submitted to this Court. Courts have made clear that "[m]otions for reargument or reconsideration may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (*quoting Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)); *accord In re Ross,* 858 F.3d 779, 783 (3rd Cir. 2017). Counsel fails to acknowledge that, let alone explain why, he failed to make this argument prior to seeking reconsideration, and his newly raised issue is not a legitimate ground for the relief sought.

This Court's authority to issue a filing injunction is derived from sections 105 and 349 of the Bankruptcy Code.[1]  *See In re Ross,* 858 F.3d at 783; *In re Burns*, 2020 Bankr. LEXIS 2544, at *4 (Bankr. M.D. Fla. Feb. 20, 2020). The Third Circuit also recognized that this Court has the

---

[1] 11 U.S.C. §§ 101 *et seq.*

inherent power to sanction abusive litigation practices. *In re Ross,* 858 F.3d at 784 (*quoting from Law v. Siegel*, 134 S. Ct. 1188, 1194 (2014) and *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-76 (2007)).

Contrary to counsel's suggestion, this Court is empowered and authorized to issue a ban on future filings in response to a motion. *See e.g. In re Ross,* 858 F.3d at 782, 785 (the Court noted that a filing injunction was issued in response to a motion, noted that Bankruptcy Courts "possess the general authority to issue a filing injunction" and did not cast doubt on the process whatsoever); *In re Youngjae Sun*, 2025 Bankr. LEXIS 2481 (Bankr. D.N.J. Sep. 29, 2025) (two-year filing injunction issued in connection with motion to dismiss and cross motion to convert). Counsel has provided no legal support for his suggestion that an adversary proceeding was required to issue the Order or that the contested matter and Order are subject to F.R.Bankr.P. 65.

Also contrary to counsel's mischaracterization of the Order, this Court did not Order "effectively [establish] a lifetime ban on the Debtor's access to bankruptcy." Instead, in a narrowly tailored, pragmatic approach, this Court gave the debtor the opportunity to seek relief from the filing injunction at any point after 1 year.

**C.    The Debtor Is Not Entitled To
       <u>Rehash Arguments Previously Made</u>**

As explained above, as acknowledged by the Third Circuit, and as the debtor does not contest, this Court has the legal authority to issue a filing injunction.

"Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not." *Bhatnagar by Bhatnagar v. Surrendra Overseas*, 52 F.3d 1220, 1231 (3d Cir. 1995) (citation omitted). In support of a motion for reconsideration, "[a] movant must demonstrate 'more than a disagreement with the Court's decision.'" *In re Truong*, 2009 Bankr. LEXIS 2482, at *2 (Bankr. D.N.J. Feb. 26, 2009) (*quoting Database America Inc.*

4

[sic], 825 F.Supp. 1216, 1222 (D.N.J. 1993)). Thus, "[i]t is not appropriate to use a motion for reconsideration as a vehicle to rehash arguments the court has already considered in reaching its decision." *Id.* (citing to *Interfaith Community Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)); *accord FRT 2011-1 v. Avolio* (*In re Avolio*), 2015 Bankr. LEXIS 1300, at *15 (Bankr. D.N.J. Apr. 14, 2015); *In re Rusch*, 2010 Bankr. LEXIS 4876, at *6 (Bankr. D.N.J. Dec. 28, 2010).

Since the purported substantive basis for the debtor's motion, found at paragraphs 20-24 of his motion, is nothing more than a rehash of his initial presentation in opposition to the filing injunction, counsel has not offered a permissible ground for reconsideration.

**D.    There Was Ample And Uncontroverted
       Support In the Record For the Order**

During the October 21st hearing, the debtor's counsel chastised Sonia Bombart's counsel and this Court for relying on the sworn statements that he filed on the docket of this case. To date, counsel has failed to provide a single legal citation to suggest that relying on his sworn statements was somehow inappropriate.

Further, in contested matters and adversary proceedings arising in bankruptcy cases, this Court is entitled to take judicial notice of the filings (or lack thereof) on the main docket and other facts not reasonably in dispute. *Whittaker, Clark & Daniels, Inc. v. Brenntag* (*In re Whittaker, Clark & Daniels, Inc.*), 2024 Bankr. LEXIS 2608, at *2 n.2 (Bankr. D.N.J. Oct. 24, 2024) (citations omitted); *Rothman v. Friedman Vartolo, LLP* (*In re Rothman*), 2024 Bankr. LEXIS 423, at *22 n.9 (Bankr. D.N.J. Feb. 20, 2024) (citations omitted).

Clearly, counsel's undisputed and unrefuted statements under penalty of perjury qualify.

As explained in the Initial Memorandum, "[a] Chapter 11 petition is subject to dismissal unless it is filed in good faith." *In re FSJ Imps., LLC*, 2012 Bankr. LEXIS 3381, at *16-17 (Bankr.

5

D.N.J. July 23, 2012) (*citing In re SGL Carbon Corp.*, 200 F.3d 154, 160 (3d Cir. 1999)). As further explained, relevant inquiries that "are integral to the determination of whether a petition is filed in good faith [are]: (1) whether the petition serves a valid bankruptcy purpose, e.g., by preserving a going concern or maximizing the value of the debtor's estate, and (2) whether the petition is filed to obtain a tactical litigation advantage." *Id.* at *17 (*citing In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 119-120 (3d Cir. 2004)). In response, the debtor did not contest this standard or the application thereof to the record established, but merely consented to dismissal.

Also as explained in the Initial Memorandum, "although a broad filing injunction is an 'extreme remedy' that 'should be narrowly tailored and sparingly used,' [*citing In re Ross*, 858 F.3d at 787], courts have imposed permanent filing injunctions "when debtors with serial bankruptcy filings file a case in bad faith", and when debtors have 'flagrantly abused the bankruptcy process.'" *In re Burns*, 2020 Bankr. LEXIS 2544, at *4 (Bankr. M.D. Fla. Feb. 20, 2020) (citations omitted); *see also In re Ross,* 858 F.3d at 784 (Courts have the inherent power to sanction abusive litigation practices). Counsel does not refute, let alone address, these statements of the law.

The factors supporting dismissal and a filing injunction both focus on the debtor's bad faith and abuse of the bankruptcy process which, necessarily, includes an analysis of the history of the debtor's litigation abuses, the facts attendant to the filing and dismissal of the debtor's three bankruptcy cases in three jurisdictions, and the debtors' failures to comply with his obligations as a debtor in all three cases, among other factors. *See In re Youngjae Sun,* 2025 Bankr. LEXIS 2481 at *51 (Court imposed a two-year filing injunction based on the debtor's bad faith).

Counsel's statement at paragraph 22 of the debtor's motion that the request for a filing injunction was supported by only one paragraph is flat out wrong, to be kind.

6

Apparently, counsel only read that single paragraph since the pleadings in their entirety, the documents incorporated therein, and the summaries of the incorporated documents, clearly and unambiguously delineate the following 18 or more facts in support the dismissal of this case based on the debtor's bad faith and the filing injunction issued.

1. On July 8, 2025, the debtor filed a motion to extend the automatic stay that would have been vacated in light of the dismissal of his 2024 bad faith bankruptcy filing [docket number 7]. In support, the debtor represented under penalty of perjury that (a) "[s]ince the dismissal of my prior case, I have obtained sophisticated bankruptcy counsel, who has guided me in preparing and filing this instant petition, including a list of all known creditors" [¶9], and "I submit that my current filing represents a significant and good faith departure from the circumstances of my prior case" [¶11]. The debtor's protestations, if not intentionally false when made, were certainly belied by his bad faith during the short pendency of this bankruptcy case and his ultimate consent to dismissal.

2. On September 26, 2025, the debtor's attorneys filed a motion to withdraw as the debtor's attorneys [docket number 59]. David Stevens, Esq. filed a certification at docket number 59-1 (the "Stevens Cert.") in support in which he certified under penalty of perjury that "[p]rior to the 341(a) meeting, the Firm solicited the necessary documents to be submitted to the Trustee. The Debtor failed to provide required documents and information in full to the Firm." [Stevens Cert. at ¶ 4].

3. The debtor did not provide documents requested by the Office of the United States Trustee after the meeting of creditors. [Stevens Cert. at ¶¶ 5-10].

4. "On August 31, 2025 my firm sent by email a Case Analysis and Action Items Letter to the Debtor describing in detail the current status of the case and the decisions the Debtor

7

needed to make in order to advance his case, especially with regards to his various complicated known assets, funding his reorganization, and making necessary investigations into his unknown assets …. To date, the Debtor has addressed none of the concerns raised in the August 31, 2025 letter." [Stevens Cert. at ¶¶ 11-12].

5. "The September 13, 2025 Notice of Intent to Withdraw as Bankruptcy Counsel informed the Debtor that because we had not received critical information and documents from him, because he had not managed his affairs in a manner that enables us to move his case forward, and because he had failed to make required payment to his ex-wife, we intended to file the instant motion on or around September 17, 2025." [Stevens Cert. at ¶ 14].

6. The debtor waited until after Sonia Bombart filed the motion to dismiss to make the alimony payment due October 1, 2025. [*See* debtor's opposition to the filing inunction at docket number 64].

7. The debtor paid the September alimony 18 days late. Yet, from September 2, 2025 through September 12, 2025, the debtor's attorneys repeatedly advised that either the debtor intended to make the payment, or that he actually initiated the payment. [Gutfleish Cert. at ¶¶ 5-12]. Apparently, the debtor misled his attorneys.

8. On September 23, 2025, Sonia Bomabart's attorneys served a Bankruptcy Rule 2004 Examination Subpoena on the debtor (through his attorneys who agreed to accept service thereof) requiring documents to be produced by October 8, 2025. [Gutfleish Cert. at ¶18, Exhibit A]. The debtor did not produce any documents requested in the subpoena, did not request an extension of the time to respond, and did not open any dialogue with respect thereto. [Gutfleish Cert. at ¶ 19].

9. The debtor failed to provide documents supporting the alleged mortgage on his residence at 38 Woodens Lane and his asserted receipt of the loan funds. [Gutfleish Cert. at ¶¶15-17].

10. The debtor failed to file a single interim monthly report.

11. Sonia Bombart and the debtor have been involved in divorce proceedings pending in Connecticut since January 19, 2017 [DeVidas Cert. at ¶3]. The debtor's bad faith throughout the divorce proceedings led the Connecticut Court to explain that:

> The present motion for continuance, although dated 6/9/2022, was e-filed at 9:23 p.m. on 6/13/2022, less than twelve hours before the hearing scheduled for 10:00 a.m. today. The motion simply states "counsel is ill" and asks that today's hearing be continued to 6/21/2022, or a date set by the court. The plaintiff appeared at today's hearing, with counsel, and objected to the granting of the motion. Neither the defendant nor his counsel appeared, notwithstanding the fact that the motion had not been ruled on prior to the scheduled hearing start time.
>
> The timing of the motion, when considered in the context of the history of the present action, raises concerns that it may be part of an ongoing pattern of behavior by the defendant that is intended to delay the progress of this action or that reflects a disregard for the court's orders and authority. [DeVidas Cert. at ¶7, Exhibit C]

12. On the night before the July 28, 2022 trial in the divorce proceedings, the debtor filed his first bankruptcy case in the United States Bankruptcy Court for the Southern District of New York. [DeVidas Cert. at ¶5]. Sonia Bombart obtained an Order granting stay relief to continue the divorce proceedings and the Court dismissed the bankruptcy case on October 19, 2022. [DeVidas Cert. at ¶¶8-9, Exhibits D and E].

13. Since the Bombart's divorce on February 3, 2023, the debtor failed to satisfy his obligations under the Bombart's Property Settlement Agreement forcing Sonia Bombart to file a motion for contempt. [DeVidas Cert. at ¶12, Exhibit H]. One the day before the initial hearing scheduled for August 23, 2024, the debtor filed his second bankruptcy case in the United States Bankruptcy Court for the Eastern District of New York, but did not provide notice thereof to Sonia

9

Bombart. [DeVidas Cert. at ¶13, Exhibit I]. The debtor did not file the schedules required and Court dismissed that bankruptcy case on October 20, 2024. [DeVidas Cert. at ¶15].

14. The debtor also perjured himself in his bankruptcy petition by stating that he resided in Brooklyn, when in fact he resided at 38 Woodens Avenue, Lambertville, New Jersey at that time. As evidenced by the deed filed by the debtor at docket number 18-4, he purchased the Woodens Lane property in July 2023. During the debtor's meeting of creditors held on August 13, 2025, the debtor testified that he resided at the Woodens Lane property, and did not reside in Brooklyn, on the date that he filed his 2024 bankruptcy case. The debtor confirmed this in his certification filed at docket number 17 in which he certified under penalty of perjury that "I never lived at the Brookyln address" used in the petition [docket number 21].[2]

15. In the debtor's own words, "[t]he October 2024 dismissal was based on my failure to appear at the § 341 meeting of creditors, failure to make pre-confirmation payments, failure to propose a Chapter 13 plan, and failure to submit necessary documentation required under 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007." [docket number 7-2, ¶ 6].

16. On the eve of the July 7, 2025 rescheduled date for the hearing on the motion for contempt, the debtor filed this third bankruptcy case, and chose yet a third jurisdiction, to frustrate Sonia Bombart and the Connecticut Court. [DeVidas Cert. at ¶16].

17. As evidenced from the factors above, the debtor failed to fulfill his obligations as a debtor for the third time, leading to the dismissal of his case.

---

[2] The debtor's explanation for this bankruptcy filing does not add up. The debtor asserts that the filing was required to stop the foreclosure sale of two properties. Yet, those properties were owned by an LLCs (and not the debtor) and the LLCs sought bankruptcy protection that automatically stayed the sales. Also, if the debtor's own filing were required, why did he let the case get dismissed and lose the protections that he said the filing provided? Even if the debtor could provide adequate responses, none could justify his perjury.

18. As of the commencement of this case, and as evidenced by proof of claim number 4 filed in this case, the debtor owed to Sonia Bombart $517,000.00 for accrued but unpaid alimony plus an additional $2,750,000.00 for accrued and unpaid property settlement payments. Neither of these debts can be discharged under sections 523(a)(5) and (15) of the Bankruptcy Code and the debtor could not confirm a plan without paying the unpaid alimony in full under section 1129(a)(9)(B)(ii) of the Bankruptcy Code.

The debtor has not refuted a single one of the foregoing facts nor has counsel explained why the unrefuted facts do not support the filing injunction as a matter of law.

As explained above, this Court did not issue a lifetime ban on the debtor's access to bankruptcy in good faith, but granted to the debtor the right to seek relief from the filing injunction at any point after 1 year.

It is clear from the record that this Court's filing injunction was narrowly crafted and issued in response to the debtor's repeated bad faith bankruptcy filings on the eve of hearings scheduled in the Bombarts' divorce proceedings (including one case initiated premised on the debtor's perjury), the debtor's repeated failures in all three bankruptcy cases to satisfy or to perform the obligations imposed on debtors, and the fact that each of the debtor's three bankruptcy cases (including this one) was dismissed.

Counsel fails to explain why the filing injunction actually issued, as opposed to counsel's mischaracterization of it, was not narrowly tailored to meet the debtor's flagrant bad faith, or was not supported by applicable law. Instead, counsel impermissibly argues that this Court must weigh the exact same factors and the exact same record, but come out with a different conclusion. That suggestion, however, is not a proper basis for reconsideration.

11

Finally, in light of the debtor's three bad faith bankruptcy filings to frustrate and impede the Bombarts' divorce proceedings and to evade his obligations to Sonia Bombart, it is reasonable and equitable to put the burden on the debtor to establish his good faith should he choose to take advantage of bankruptcy relief, rather than on Sonia Bombart, the victim of the debtor's wrongful actions, to respond to a fourth bad faith bankruptcy filing.

**E.     Conclusion**

For the reasons set forth herein, and in Sonia Bombart's motions to dismiss filed at docket numbers 16 and 64, Sonia Bombart requests that this Court not re-visit its filing injunction and deny the substantive relief sought by the debtor.

          **GUTFLEISH LAW, LLC**
          *Attorneys for Sonia Bombart*


          By: */s/ Harry M. Gutfleish*
              Harry M. Gutfleish

Dated:  November 10, 2025